IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                             ORDER

   v.                                      04-CR-44-C-02

JERRY L. WENDT,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Jerry L. Wendt's supervised release was held on May 21, 2008, before United States District Judge Barbara B. Crabb.  The government appeared by Stephen Sinnott, Assistant United States Attorney. Defendant was present in person and by counsel, Kelly Welsh.  Also present was Senior United States Probation Officer William T. Badger, Jr.

From defendant's stipulations, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on October 13, 2004, following his conviction for possession of a counterfeited security of an organization with intent to deceive, in violation of 18 U.S.C. §§ 513(a) and 2.  This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 24 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on September 9, 2006. On February 8, 2008, he violated the statutory condition of his release prohibiting him from committing another federal, state, or local crime when he wrote a check to Napa Auto Parts for $56.90 from Melissa Horgen's checking account without her permission and forged her name on the check.

Defendant violated Standard Condition No. 6, requiring him to notify the probation officer at least ten days before making any change in his residence or employment. On April 1, 2008, he moved to 26134 West Pine Street, #3, in Eleva, Wisconsin, without notifying the U.S. Probation Office of the move.

Defendant's conduct falls into the category of a Grade B violation, which provides that supervision shall be revoked upon a finding of a Grade B violation.

CONCLUSIONS

Defendant's violations require revocation. Accordingly, the 36-month term of supervised release imposed on defendant on October 13, 2004, will be revoked.

Defendant's criminal history category is VI. With a Grade B violation and a criminal history category of VI, he has an advisory guideline term of imprisonment of 21 to 27 months. The statutory maximum to which he can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the public from future criminal acts.

## ORDER

IT IS ORDERED that the term of supervised release imposed on defendant on October 13, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months. No supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 21st day of May 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge